# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| Joseph Louis Young, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 0:14-cv-02550-JMC |
| | ) | |
| Warden Thomas, | ) | **ORDER** |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Joseph Louis Young, III ("Petitioner"), proceeding *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2241. This matter is before the court on Petitioner's Motion to Alter or Amend Order and Judgment or Reopen Case (ECF No. 30) and Petitioner's Motion to Reopen Case (ECF No. 34)[1] requesting that the court reexamine its Order of October 1, 2014 ("Order"), (ECF No. 25), which adopted the Magistrate Judge's Report and Recommendation ("Report"), (ECF No. 10), that Petitioner's Writ of Habeas Corpus (ECF No. 1) be dismissed without prejudice and without requiring Warden Thomas ("Respondent") to file a return. Petitioner asserts he never received the Report in the mail, which ultimately caused a failure to object. The procedural history and relevant facts of this case, set forth in detail in the court's Order (ECF No. 25) and the Magistrate Judge's Report (ECF No. 10) are incorporated herein.

---

[1] Petitioner's Motions constitute similar claims and are jointly adjudicated by this Order.

## I. LEGAL STANDARD AND ANALYSIS

### A. Rule 59(e) Motions and Petitioner's Arguments

The decision whether to reconsider an order pursuant to Fed. R. Civ. P. Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). Under Rule 59(e), a court "may alter or amend a judgment if the movant shows either (1) an intervening change in the controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012).

Petitioner asserts that he has not transferred nor has he left the Federal Correctional Institution ("FCI") in Edgefield, South Carolina. (ECF No. 34 at 2.) Petitioner further asserts that there have been recent issues with mail processing at the FCI. (*Id.*) Based on the foregoing, Petitioner cites the recent mail processing issues as the basis for why he believes he did not receive the Report. (*Id.*) However, Petitioner did receive the Order dismissing his Habeas Corpus claim, giving him notice about the status of the case and cause to file these Motions. (*Id.* at 1.) Petitioner argues had he received an adverse report, he would have filed timely objections. (ECF No. 30 at 4.) Lastly, Petitioner states that he wants to be able to preserve the issues for appeal. (*Id.*)

### B. The Court's Review

In his Motions, Petitioner does not allege any intervening change in the controlling law nor does he offer new evidence. Therefore, the court construes Petitioner's Motions to allege he

has suffered a manifest injustice due to his failure to receive the Report (ECF No. 10), causing his inability to timely respond to the Report. (*See* ECF No. 30 at 2-4; *see also* ECF No. 34 at 2-3.)

Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." *Campero USA Corp v. ADS Foodservice LLC*, 916 F. Supp. 2d 1284, 1292-93 (S.D. Fla. 2012) (citations omitted). The court docket indicates court documents filed prior to the Report and subsequent to the Report were mailed to Petitioner. However, the district court "possesses inherent power over interlocutory orders…and can reconsider them when it is consonant with justice to do so." *U.S. v. Jerry*, 487 F.2d 600, 605 (3rd Cir. 1973). It would be consonant with justice to allow parties to receive communications from the court and ensure an opportunity to object or respond to preliminary reports prior to the matter being adjudicated. Under Rule 59(e), the court finds it would be a manifest injustice to dismiss his claims against Respondent when he did not receive the Report nor have an opportunity to object. Petitioner is reminded that while the manifest injustice ground acts as a catch-all provision, it "is not meant to allow a disappointed litigant to attempt to persuade the court to change its mind." *Abdur-Rahiim v. Holland*, No. 14-79-DLB, 2015 WL 859117 (E.D. Ky. Feb. 27, 2015). Consequently, the court's Order (ECF No. 25) and Judgment (ECF No. 26) are vacated.

## II.     CONCLUSION

For the foregoing reasons, the court **GRANTS** Petitioner's Motion to Amend or Alter Order and Judgment (ECF No. 30) and Motion to Reopen (ECF No. 34). The court thereby **VACATES** its Order of October 1, 2014 (ECF No. 25) and respective Judgment (ECF No. 26).

Additionally, the Clerk of Court is directed to mail a copy of the Report (ECF No. 10) to Petitioner. Petitioner will have twenty-one (21) days from the date this Order is filed to submit his objections.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 26, 2015
Columbia, South Carolina