**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

Joseph Louis Young, III, #12222-171,      )
                                )      Civil Action No.: 0:14-cv-02550-JMC
           Petitioner,      )
                                )
                                )
          v.      )      **ORDER AND OPINION**
                                )
Warden Thomas,      )
                                )
          Respondent.      )
_____)

Petitioner Joseph Louis Young, III ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2255, alleging that he should not have been charged as a "career offender." (ECF No. 1.) Respondent Warden Thomas ("Respondent") was not required to file a return. (ECF No. 10 at 5.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling. On July 31, 2014, the Magistrate Judge issued a Report and Recommendation ("Report," ECF No. 10) recommending the court deny the Petition (ECF No. 1). This review considers Petitioner's Objections to the Report ("Objections") filed June 19, 2015.[1] (ECF No. 42.) For the reasons set

_____

[1] Petitioner's Objections were originally due August 18, 2014. A September 12, 2014 Text Order (ECF No. 18) extended the time Petitioner had to submit objections to the Report until September 30, 2014. After not receiving objections by October 1, 2014, the court entered an Order accepting the Report, and dismissing the Petition. (ECF No. 25.) On October 22, 2014, Petitioner made a Motion to Alter or Amend Order or Reopen Case, asserting, in part, that he had never received the Magistrate Judge's Report. (ECF No. 30 at 2, 4.) He renewed his Motion to Reopen Case on January 14, 2015, reiterating that he had never received the Magistrate Judge's Report. (ECF No. 34 at 2-3.) On May 26, 2015, the court issued an Order (ECF No. 36) granting Petitioner's Motion to Amend or Alter Order and Judgment (ECF No. 30), and Motion to Reopen (ECF No. 34), giving Petitioner 21 days to file any objections. The record shows Petitioner's objections were received June 16, 2015 by the prison mailroom, thus making the

forth herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 10), and **DISMISSES** the Petition (ECF No. 1) with prejudice.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This court concludes, upon its own careful review of the record, that the Magistrate Judge's factual synopsis is accurate and incorporates it by reference. This court will thus focus on the facts pertinent to the analysis of Petitioner's Objections. The relevant facts, viewed in a light most favorable to Petitioner, are as follows.

On August 31, 2007, Petitioner pleaded guilty to three counts of various drug and firearm offenses. *See United States v. Young*, C/A No. 6:07-cr-00113-GRA, ECF No. 23 (D.S.C. Feb. 13, 2007). On December 30, 2008, Petitioner was sentenced to 262 months' imprisonment.[2] *Id.* at ECF No. 56. On January 14, 2010, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed the conviction and sentence. *Id.* at ECF No. 80. On June 17, 2010, Petitioner filed a Motion to Vacate under § 2255, *Id.* at ECF No. 83, which the court denied on October 14, 2010. *Id.* at ECF No. 96.

In his Petition for Habeas Corpus, Petitioner alleges that he "is actually innocent of being a Career Offender." (ECF No. 1 at 3.) Petitioner, citing to *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013), claims that a former conviction for pointing and presenting a firearm no longer qualifies as a predicate offense

---

objections timely. (ECF No. 42). A *pro se* prisoner's pleading is deemed "filed" at the moment of delivery to prison authorities for forwarding to the district court. *See Houston v. Lack*, 487 U.S. 266, 271 (1988). In its May 26 Order (ECF No. 36), the court vacated the October 1, 2014 Order (ECF No. 25), and now undertakes a review of the Report in light of Petitioner's Objections. (ECF No. 42.)

[2] The December 30, 2008 sentence was a resentencing. *See* United States v. Young, C/A No. 6:07-cr-00113-GRA (D.S.C. Feb. 13, 2007), ECF No. 56. Petitioner was originally sentenced on December 14, 2007, *id.* at ECF No. 28, however the United States Court of Appeals for the Fourth Circuit remanded the case for resentencing on direct appeal. *See United States v. Young*, C/A No. 6:07-cr-00113-GRA (D.S.C. Feb. 13, 2007), ECF Nos. 41, 42.

necessary to be considered a career offender.[3]  The Magistrate Judge's Report recommended the

Petition be summarily dismissed because Petitioner could not satisfy the § 2255 savings clause.

(ECF No. 10 at 3.)

## II.    LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and

Local Rule 73.02 for the District of South Carolina. The Magistrate Judge's Report is only a

recommendation to this court, and has no presumptive weight—the responsibility to make a final

determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The

court is charged with making a *de novo* determination of those portions of the Report to which

specific objections are made.  *Id.*  The court may accept, reject, or modify, in whole or in part,

the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C.

§ 636(b)(1).

Additionally, *pro se* filed documents should be "liberally construed," held to a less

stringent legal standard than those complaints or proceedings drafted by lawyers.  *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However,

even liberally construed, objections to a Report must specifically identify portions of the Report

and the basis for those objections.  Fed. R. Civ. P. 72(b)(2).  Furthermore, while *pro se*

documents may be entitled to "special judicial solicitude," federal courts are not required to

recognize "obscure or extravagant claims."  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91

(4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)).

---

[3] Section 924(e) of Title 18 of the United States Code imposes a mandatory minimum 15 year sentence on felons who unlawfully possess, among other things, firearms, and who also have three or more previous convictions for committing certain drug crimes and violent felonies.  18 U.S.C. § 924(e)(1).

## III.    DISCUSSION

Petitioner filed objections to the Magistrate Judge's Report and Recommendation on June 19, 2015.  (ECF No. 42.)  In his Objections, Petitioner takes issue with the Report's assertion that he may not resort to § 2255(e)'s savings clause (*id*. at 2-3), and further asserts that *Descamps* and *Hemingway* are applicable.  (*Id*. at 4.)    However, though Petitioner outlines his objections in detail, reiterating his claims that *Descamps* and *Hemingway* apply retroactively (*Id*. at 4-5), the court concludes that the information brought up in Petitioner's Objections is not sufficient to abrogate the Report's recommendation of dismissal.

In order for Petitioner to challenge his sentence under § 2241, Petitioner must satisfy the § 2255 savings clause.  § 2255(e).  "[D]efendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255."  *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)).  Because Petitioner has already been denied relief under § 2255 once before, *see Young*, C/A No. 6:07-cr-00113-GRA at ECF No. 83, in order for the § 2255(e) to be applicable, Petitioner must show that the "remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e).  In order to satisfy the "inadequate or ineffective" element of the savings clause, Petitioner must show three elements laid out by the Fourth Circuit in *In re Jones*.[4]  Petitioner takes issue with the Report's finding that he failed to show "the conduct for which [he] was convicted has been deemed non-criminal by any substantive law change" (the second element of

---

[4] The Fourth Circuit held that a petitioner must show: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law."  *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

the *In re Jones* test).  (ECF No. 42 at 3.)  Petitioner seems to be trying to support his argument by asserting that *Descamps* and *Hemingway* should be applied retroactively to the present action.  (*Id.* at 4.)

Petitioner acknowledges that the application of *Descamps* is critical to the success of his Petition.  (*Id.*)  In support of his retroactivity claims, Petitioner cites to multiple cases.  (*Id.* at 2-7; *see Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013); *Begay v. United States*, 553 U.S. 137 (2008); *Schriro v. Summerlin*, 542 U.S. 348 (2004); *Bryant v. Coleman*, 738 F.3d 1253 (11th Cir. 2013); *Parker v. Walton*, No. 13-cv-01110-DRH, 2013 WL 6169153 (S.D. Ill. Nov. 29, 2013).)    Despite Petitioner's assertions, the court is not convinced that *Descamps* (or for that matter *Hemingway*) applies retroactively.

As Petitioner himself notes (*see* ECF No. 42 at 4), *Chaidez* held that when the Court "announce[s] a 'new rule,' a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding." *Chaidez*, 133 S. Ct. at 1107.  Petitioner tries to counter *Chaidez* by citing to *Schriro*, which said that "[n]ew *substantive* rules generally apply retroactively."  *Schriro*, 542 U.S. at 351.  However, *Schriro* also noted that "the [new] rule applies only in limited circumstances," *Schriro*, 542 U.S. at 351, and "[n]ew rules of procedure … generally do not apply retroactively."  *Id.* at 352.  Regardless, the court does not have to decide if *Descamps* establishes a procedural or substantive rule.  As the Report notes, case law indicates that *Descamps* in not retroactive on collateral review.  (ECF No. 10 at 4, citing *Baker v. Zych*, C/A No. 7:13-cv-512, 2014 WL 1875114, at *2 (W.D. Va. May 9, 2014) (collecting cases which hold that *Descamps* is not retroactive on collateral review); *Williams v. Ziegler*, C/A No. 5:12-cv-398, 2014 WL 201713, at *2 n.3 (S.D. W. Va. Jan. 17, 2014)).

Petitioner also tries to use *Begay* and *Parker* in his retroactive argument.  However, the

court in *Parker*, far from supporting Petitioner's implication that the government should "refrain from ascertaining that Descamps is not retroactive," (ECF No. 42 at 4), states that "it appears that *Descamps* is not retroactive." *Parker*, 2013 WL 6169153, at * 2. Though the court in *Bryant* held that *Begay* applied retroactively, *Bryant*, 738 F.3d at 1277, the scenario in *Begay*— examining whether a DUI offense should be a "violent felony" under the Armed Career Criminal Act ("ACCA")—is substantially different than the present case. Furthermore, *Bryant*, decided almost six months after *Descamps*, makes no reference to *Descamps* or its potential retroactivity.

Additionally, Petitioner argues his 1997 conviction for Pointing and Presenting a Firearm under S.C. Code Ann. § 16-23-410 (2016) no longer qualifies as a Career Offender predicate offense (under the ACCA). (ECF Nos. 1, 42.) In support, Petitioner cites *Byrd v. United States*, which held that "a § 16-23-410 conviction does not constitute a crime of violence under USSG § 4B1.2(a)(1). *Byrd*, 400 F. App'x 718, 721 (4th Cir. Nov. 2, 2010). However, Petitioner himself admits that *Byrd* "no longer stands as good law." (ECF No. 42 at 7.) Furthermore, the Fourth Circuit held in *United States v. King*, that "pointing and presenting a firearm in violation of § 16-23-410 … therefore qualifies as a 'crime of violence,'" and supports a career offender enhancement sentence. *King*, 673 F.3d 274, 280 (4th Cir. 2012).

Therefore, the court accepts the Magistrate Judge Report's recommendation that Petitioner is not entitled to habeas relief under § 2241, and concludes the Petition should be dismissed.[5]

---

[5] The court notes that it need not take Petitioner's Amended Petition (ECF No. 12) into account when determining the merits of this case. A party may amend its pleading "within 21 days after serving it," "if the pleading is one to which a responsive pleading is required," or with "the court's leave." Fed. R. Civ. P. 15(a)(1)-(2). Petitioner filed his Amended Petition outside of the 21 day window, and furthermore, never received the court's leave to file once he was outside the 21 day window. Though Petitioner cites to *Houston v. Lack* in arguing the validity of his Amended Petition, Petitioner's Amended Petition was not delivered to the prison mailroom until

## IV.     CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Report (ECF No. 10) of the Magistrate Judge, incorporating it by reference.  Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

February 17, 2017
Columbia, South Carolina

---

July 29, 2014 (*See* ECF No. 12-1), well after Rule 15(a)(1)(A)'s 21 day window.  *Houston* does not apply.